UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOE HAACK,<br><br>Plaintiff,<br><br>v.<br><br>LAPEER COUNTY ROAD COMMISSION and ZEBADIAH SCHONS,<br><br>Defendants.<br>_______________________________/ | Case No. 4:23-cv-12273<br><br>Hon. F. Kay Behm<br>United States District Judge |

**OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 42)**

## I. PROCEDURAL HISTORY

Plaintiff Joe Haack filed this case against the Lapeer County Road Commission (LCRC) and his supervisor, Zebadiah Schons, alleging discrimination and retaliation in violation of the Americans with Disabilities Act (ADA); retaliation in violation of the Whistleblowers' Protection Act and Workers' Disability Compensation Act; and hostile work environment in violation of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA), arising out of his termination while he was

on leave after an automobile accident that occurred at work on April 21, 2021. *See* ECF No. 13, Amended Complaint.

Defendants moved for summary judgment and the Court heard argument on August 13, 2025. At the close of that hearing, Plaintiff's counsel referred for the first time to medical records suggesting that Plaintiff had been released to return to work in October 2022. As such, the Court allowed both sides to file additional medical exhibits relevant to the issue. ECF No. 43, PageID.1582-1583. The Court then granted Defendant's motion for summary judgment on August 19, 2025. ECF Nos. 40, 41.

Now before the Court is Plaintiff's motion for reconsideration, in which he argues for reconsideration of all claims and denial of Defendants' motion for summary judgment. ECF No. 42. He also calls the Court's attention to an objection he made to Defendants' supplemental brief and exhibits on August 14, 2025, in which he argued that the brief and exhibits should not be considered because the Court authorized only the filing of exhibits, not a brief, and because the exhibits were filed four (4) minutes after the Court's deadline. *Id.*, PageID.1522; *see* ECF No. 38. Defendants have filed a response to

Plaintiff's motion. ECF No. 45. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and his motion is **DENIED**.

## II. STANDARD OF REVIEW

Although Plaintiff styles his motion as a "motion for reconsideration," he requests relief under either Fed. R. Civ. P. 59(e) or 60(b). Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." A motion under Rule 59(e) to "alter or amend may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Motions of this kind are not an appropriate vehicle for raising new facts or arguments. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at reconsideration, not initial consideration"). Granting a motion to amend or alter a judgment has been described as "an extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). For this reason, such

motions should be granted sparingly. *U.S. ex rel. American Textile Mfrs. Institute, Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998).

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010). Evidence was previously available if it could have been discovered "with reasonable diligence" prior to the judgment. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614-15 (6th Cir. 2012).

Federal Rule of Civil Procedure 60(b)(1) permits the court to relieve a party from a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect." *Id.* Relief may be granted under Rule 60(b)(1) "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted).

The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing

evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

## III. ANALYSIS

### A. Plaintiff's Objections

As a preliminary matter, Plaintiff calls the Court's attention to objections he made to Defendants' supplemental brief and exhibits filed after the hearing. ECF No. 42, PageID.1522. He argues that the Court did not allow for the submission of a brief, and that it is "clear from the Court's Opinion and Order…that it relied on Defendants' supplemental medical record exhibits and brief to some extent according to its footnote which cites Defendants' supplemental medical records exhibits." *Id.*

Although Plaintiff is correct that the Court did not provide for submission of additional briefing, *see August 13, 2025 text-only order*, the Court did not cite to Defendants' supplemental brief, which Plaintiff acknowledges. Defendants' brief was only four pages and was largely a

recounting of the background for the additional exhibits, their objections to the additional evidence, and the arguments laid out in their motion. ECF No. 37. As the Court explained in the relevant footnote, the additional exhibits did not alter the ultimate outcome of Plaintiff's claims. ECF No. 40, PageID.1507 ("Plaintiff's new evidence does not create a genuine issue of material fact: Plaintiff was undisputably not cleared to return to work at the time his employment was terminated, and there is no evidence the LCRC was informed that he could return to work on any specific date."). As for Plaintiff's argument that Defendants' brief and exhibits should not have been considered because they were filed four minutes late, this "delay" did not prejudice Plaintiff in any way. As such, his objections to Defendants' filings are **OVERRULED**.

**B. Motion for Reconsideration**

Plaintiff argues that the Court committed a clear error in granting summary judgment on his disability discrimination claim under the ADA. Specifically, he argues that Article 7.B. of the collective bargaining agreement (CBA) states, "Seniority and employment shall be terminated for any of the following reasons…Employee is off work for

a leave of absence and does not return to work after two (2) years," and he therefore had a right to a 2-year leave of absence. ECF No. 42, PageID.1524-25. He argues that Defendants' failure to follow this policy was a "clear showing of pretext." *Id.*, PageID.1526.

To start, this argument was made and addressed in relation to Defendants' motion for summary judgment. *See* ECF No. 40, PageID.1511-1512. More importantly, Plaintiff appears to conflate a showing of pretext with establishing a prima facie case. Pretext evidence only becomes relevant if a plaintiff first establishes each element of a prima facie case. Even if the CBA provided a guaranteed right to a 2-year leave—which Defendants' dispute—Plaintiff failed to establish a prima facie case of disability discrimination under the ADA, and the Court therefore had no need to move on to a pretext analysis.

To establish a prima facie case of disability discrimination, an employee must demonstrate that "(1) []he has a disability, (2) []he is otherwise qualified for the job with or without reasonable accommodation, (3) []he suffered an adverse employment decision, (4) [his] employer knew or had reason to know of [his] disability, and (5) [his] position remained open, or []he was replaced." *Hrdlicka v. Gen.*

*Motors, LLC*, 63 F.4th 555, 566-67 (6th Cir. 2023). As explained in the order,

> [A]t no relevant time—either when Plaintiff's position was filled or when his employment was terminated—was Plaintiff cleared to return to work by his physician. Because he was unable to work, he was not qualified and cannot state a prima facie case of disability discrimination. Although Plaintiff argues (with little evidence) that he could have returned to work during the two-year period allegedly provided by his union contract, he has not provided authority that the LCRC was required under the ADA to allow him to take two years of leave.

ECF No. 40, PageID.1511 (footnote omitted) (citations omitted). And, as the Court explained in an earlier footnote, which was referenced in the above paragraph,

> At the hearing, Plaintiff's counsel stated for the first time that Haack could have returned to work in October 2022, and provided a note signed by Miguel Luciano, PA-C, indicating that he could "return to work with restrictions as of October 5, 2022." ECF No. 36. This is contradicted by the note provided by Dr. Gordon McClimans, stating that Plaintiff was examined on October 3, 2022, and needed "to remain off work for an additional 6 weeks." ECF No. 37-1 at PageID.1469. Subsequent records indicated that Plaintiff was to remain off work until June 2023. *Id.* at PageID.1470-75. In any event, Plaintiff's new evidence does not create a genuine issue of material fact: Plaintiff was undisputably not cleared to return to work at the time his employment was terminated, and there is no evidence the LCRC was informed that he could return to work on any specific date.

*Id.* at 1507, n.1.

Plaintiff now argues for the first time that the relevant point in time for determining whether he was qualified was the expiration of the 2-year leave period promised by the CBA, citing *Blanchet v. Charter Communications, LLC*, 27 F.4th 1221 (6th Cir. 2022), and that the Court should have considered whether the requested leave generally complied with the employer's leave policies, citing *King v. Steward Trumbull Memorial Hospital, Inc.*, 30 F.4th 551 (6th Cir. 2022). ECF No. 42, PageID.1526-1528. Both of these cases were decided in 2022 and available to Plaintiff throughout the briefing period for Defendants' motion. As the Sixth Circuit "has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Additionally, both cases concerned a failure-to-accommodate claim, which Plaintiff says unequivocally was not a claim that he asserted in his complaint.[1] ECF

[1] Plaintiff also argues that the Court erred because it construed his claims as failure-to-accommodate claims instead of disability discrimination claims, as he intended to assert. However, the order granting Defendants' motion for summary judgment fully addressed both a claim of disability discrimination and failure-to-accommodate under the ADA. ECF No. 40.

No. 42, PageID.1525, n.1.; *see also Blanchet*, 27 F.4th at 1229 ("We must therefore determine whether Blanchet would be 'otherwise qualified' to perform her essential job functions with her proposed accommodation, in other words, when she returned to work."); *King*, 30 F.4th at 562 ("Indeed, approved medical leave may be a reasonable accommodation and an inability to work while on such leave does not mean that an individual is automatically unqualified." (citation omitted)). Overall, Plaintiff has again failed to present any authority for his proposition that the ADA required Defendants to provide him with 2 years of leave, even if it was provided for in the CBA, such that the relevant point in time for the second element would be at the end of 2 years rather than at the time of his discharge. *See Griffith v. Wal-Mart Stores, Inc.*, 135 F.3d 376, 380 (6th Cir. 1998) ("The relevant time for determining whether the plaintiff is a 'qualified individual with a disability' is at the time of discharge.").

Ultimately, Plaintiff was unable to establish a prima facie case of disability discrimination when Defendants' motion for summary judgment was first decided, and he has failed to point to a clear error of law requiring the Court to reconsider its final decision. Of note,

Plaintiff also spends time arguing that the outcome of the failure-to-accommodate claim was erroneous, even though he says that he did not assert this claim. Because the claim was not asserted, there is no reason for the Court to revisit its analysis. Finally, Plaintiff asks for reconsideration "as to all claims," ECF No. 42, PageID.1533, but he does not substantially address any perceived error in the Court's analysis of his claims of hostile work environment or retaliation. These arguments are therefore waived. *Meridia Prods. Liab. Litig. v. Abbott Lab'ys*, 447 F.3d 861, 868 (6th Cir. 2006) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir.1997))).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED** and his motion for reconsideration (ECF No. 42) is **DENIED**.

**SO ORDERED.**

Dated: August 26, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge